UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dorothea Evelyn Smith,

    Plaintiff,

v.                                        Case No. 19-10777

DMC Harper Receiving Hospital,       Honorable Sean F. Cox
*et al.*,

    Defendants.
_____/

## AMENDED ORDER OF SUMMARY DISMISSAL

Acting *pro se*, Plaintiff filed this action against multiple Defendants on March 15, 2019. Along with her Complaint in this action, Plaintiff filed an application to proceed *in forma pauperis*.

Indigent litigants may request a waiver of filing fees under 28 U.S.C. § 1915. Having reviewed Plaintiff's application to proceed *in forma pauperis*, in an Order issued on March 20, 2019, this Court granted that application. (ECF No. 4).

Because Plaintiff is proceeding *in forma pauperis*, the applicable statute requires this Court to dismiss this case, at any time, if it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(b)(2) ("the court shall dismiss the case at any time if the court determines that" the action "fails to state a claim on which relief may be granted."). In addition, even where a plaintiff has paid the filing fee, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible,

1

attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d. 477, 479 (6th Cir. 1999).

Although this Court is mindful that *pro se* complaints must be liberally construed, the Court concluded in its March 20, 2019 order that Plaintiff's original complaint fails to state a claim upon which relief may be granted. The Court explained that, for the most part, Plaintiff's complaint consists of an incoherent stream of words and phrases. Even with a liberal reading of the allegations in Plaintiff's complaint, this Court is unable to discern any cognizable claim against Defendants.

Moreover, it appeared that this Court lacks diversity jurisdiction over Plaintiff's original complaint because there is not complete diversity of citizenship, as both Plaintiff and some Defendants appear to be Michigan citizens. In addition, Plaintiff's original complaint does not state a federal claim.

Accordingly, this Court's March 20, 2019 Order dismissed this action.

Unbeknownst to the Court, on or about March 18, 2019, Plaintiff had filed an Amended Complaint in this action, that had not yet been docketed by the Clerk's Office as of March 20, 2019. That Amended Complaint has since been docketed and appears in the record as ECF No. 5. Having considered Plaintiff's Amended Complaint, this Court still concludes that Plaintiff has failed to state a claim against Defendants upon which relief may be granted. This Court also still concludes that it lacks subject matter jurisdiction over this action.

**IT IS ORDERED** that this action is **DISMISSED** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and lack of subject matter jurisdiction under Fed. R. Civ. P.

12(b)(1).

**IT IS SO ORDERED.**

                                                        s/Sean F. Cox  
                                                        Sean F. Cox  
                                                        United States District Judge

Dated: March 21, 2019